IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SOLAN, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-06-2283 |
| UNITED STATES OF AMERICA, | : |
| Defendant | : |

*M E M O R A N D U M*

On May 23, 2007, we entered judgment in favor of the defendant, United States, on its unopposed motion for summary judgment in this medical-negligence case pursued under the Federal Tort Claims Act. 26 U.S.C. § 2671-2680. Pro se plaintiff, David Solan, a federal inmate currently incarcerated at FCC-Petersburg, Petersburg, Virginia, injured his left wrist during a handball game while he was imprisoned at FCI-Allenwood, White Deer, Pennsylvania. He alleges that the orthopaedic surgeon who operated on the wrist on July 7, 2005, a few days after the injury, committed negligence, leaving Plaintiff with a "dinner fork deformity of the distal wrist," resulting in a one-inch displacement of the ulna. (Compl. ¶ 16).

We are considering Plaintiff's motion for an extension of time to respond to the summary-judgment motion, or in the alternative, relief from the judgment under Fed. R. Civ. P.

60(b)(1) and 60(b)(3).[1] The motion was placed with prison authorities for filing on June 18, 2006, twenty-six days after we entered the judgment.

We cannot grant an extension to oppose the summary-judgment motion, having already granted it before the extension motion was filed. We will therefore deal only with that part of Plaintiff's motion seeking relief from the judgment under Rule 60(b). That should be sufficient for Plaintiff since if we decide to grant the motion for relief from judgment, we will be vacating the judgment and allowing Plaintiff to oppose the summary-judgment motion.

As noted, Plaintiff did not oppose Defendant's motion. He also did not seek an extension of time to do so while it was pending. In considering Defendant's motion, we agreed with Defendant that Plaintiff's claim failed because: (1) Plaintiff failed to file the certificate of merit for his medical-malpractice claim, as required by Pa. R. Civ. P. 1042.3(a); and (2) the summary-judgment record showed there was no negligence, Plaintiff's injury having been treated appropriately by personnel of the Federal Bureau of Prisons (BOP) and the doctors to whom he was referred.

Plaintiff argues that under Rule 60(b)(1) he has shown excusable neglect justifying relief from the judgment. In the

---

[1] Rule 60(b)(1) permits relief from a judgment for "excusable neglect" and Rule 60(b)(3) for "fraud . . . or other misconduct of an adverse party."

context of seeking relief from a judgment entered on the merits of an unopposed summary-judgment motion, the Third Circuit has employed the same standard used for opening a default judgment. It considers the following factors: "(1) whether vacating the judgment would prejudice the prevailing party; (2) whether the movant offered a meritorious claim on the merits; and (3) whether judgment resulted from the movant's culpable conduct." *Logan v. Am. Contract Bridge League*, 173 Fed. Appx. 113, 116 (3d Cir. 2006) (nonprecedential) (citing *Lorenzo v. Griffith*, 12 F.3d 23, 27 (3d Cir. 1993)). But unlike with a default-judgment, when, as here, a judgment on the merits has been entered, we are not concerned with the general policy of disfavoring judgments entered by default. *Id.* (quoting *Lorenzo*, 12 F.3d at 27 n.4).

Plaintiff's grounds for excusable neglect are the following. First, since filing this lawsuit in November 2006, he has tried to find a medical expert who would have satisfied the certification requirement and supported his negligence claim but despite his best efforts, he has been unable to find an expert. Second, Plaintiff did contact a Doctor Elias D. Sedlin, who wanted to look at some X-rays, but the BOP obstructed Plaintiff's access to his X-rays through July 2006. At that time, Plaintiff was able to send two BOP X-rays to Dr. Sedlin, but Dr. Sedlin never wrote to Plaintiff again. Third, an expert is not necessary because the deformity to the ulna is obvious to the layperson. As already noted, Plaintiff alleges he has a "dinner fork deformity of the

distal wrist," resulting in a one-inch displacement of the ulna. (Compl. ¶ 16). Hence, Pa. R. Civ. P. 1042.3(a)(3) would provide an exception from the requirement of expert testimony.[2] Fourth, Plaintiff was transferred on May 2, 2007, to USP-Lewisburg for a deposition in another case, *Solan v. Ranck*, No. 06-49 (M.D. Pa.), and did not return to FCC-Petersburg until May 31, 2007. During this time, he had no access to his legal papers or legal resources and did not recover physically from his stay at Lewisburg until June 8, 2007. Finally, Plaintiff did not receive our order granting judgment to Defendant until May 31, 2007, because all of his mail was being held at Petersburg while he was at Lewisburg and if not for his transfer to Lewisburg, he would have been able to present the previous arguments long before that date.

Looking at the factors relevant to a Rule 60(b)(1) motion in this context, Defendant does not argue it would be prejudiced if relief from the judgment were granted, but Plaintiff has not satisfied the other two factors.

Plaintiff has to present a meritorious claim. As he argues it, his claim is based on the alleged malpractice of the orthopedist who operated on his left wrist. Plaintiff argues the malpractice is obvious from looking at his wrist, so no expert is necessary. We disagree. The summary-judgment record contains a

---

[2] Rule 1042.3(a)(3) allows a negligence claim to proceed against a licensed professional when a certificate of merit is filed affirming that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."

4

radiological report requested by Peterburg personnel about a year and a half after the accident. This report confirms a healed fracture of the radius and that there is no dislocation. (Doc. 12-2, p. 66). Plaintiff might be a bit overly sensitive to how his wrist looks now, but the report from a radiologist unconnected to the orthopedist who operated on him, confirms his ulna is not out of place.

Plaintiff also committed "culpable conduct" in failing to take steps that would have delayed the summary-judgment ruling until he could file a response. *See Logan*, *supra*, 173 Fed. Appx. at 116-17.

Defendant filed its motion on March 27, 2007, and its supporting brief and evidentiary material on April 10, 2007. Under federal and local rules of procedure,[3] Plaintiff had until April 30, 2007, to oppose the motion.[4] During that time period, Plaintiff did nothing, and none of his current reasons excuse his failure.

Plaintiff argues that his transfer to Lewisburg prevented him from opposing the motion. But as Defendant points out, the transfer occurred on May 2, and Plaintiff's deadline for opposing the motion was April 30, a few days before the transfer.

---

[3] The standing practice order of November 11, 2006, informed Plaintiff of his obligation to oppose a pretrial motion like one for summary judgment.

[4] Plaintiff admits he received the motion on April 12, 2007.

He also argues that he could not find an expert despite his best efforts, but Plaintiff controlled when he would file suit. He had two years from July 5, 2005, about the time his cause of action would have accrued, to file an administrative claim. *See* 28 U.S.C. § 2401(b). Further, as Defendant argues, Plaintiff was able to contact Dr. Sedlin, but that opportunity for an expert opinion was lost by Dr. Sedlin's conduct in supposedly breaking off communication with Plaintiff, not by conduct of prison personnel. It is also irrelevant to this prong of our analysis that Plaintiff argues the malpractice was obvious even to a layperson. We deal here with whether Plaintiff has shown excusable neglect justifying relief from the judgment, not with whether his complaint has merit.

We will thus issue an order denying relief from judgment. We note here that Plaintiff has also failed to show "fraud . . . or other misconduct of an adverse party" justifying relief under Rule 60(b)(3).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 20, 2007

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAVID SOLAN,                     :
                                 :
        Plaintiff                :
                                 :
        vs.                      :    CIVIL NO. 1:CV-06-2283
                                 :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        Defendant                :
```

*O R D E R*

AND NOW, this 20th day of September, 2007, it is ordered that Plaintiff's motion (doc. 15) for an extension of time to respond to the summary-judgment motion, or in the alternative, relief from the judgment under Fed. R. Civ. P. 60(b)(1) and 60(b)(3), is denied.

                                          <u>/s/William W. Caldwell</u>
                                          William W. Caldwell
                                          United States District Judge